<u>CAUSE NO. 2006-31303</u>

| | | |
|---|---|---|
| ELIZABETH A. GILMORE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § | HARRIS COUNTY, TEXAS |
| FULBRIGHT & JAWORSKI, L.L.P., | § § § | |
| Defendant. | § | 151ST JUDICIAL DISTRICT |

## <u>DEFENDANT FULBRIGHT & JAWORSKI, L.L.P.'S ORIGINAL ANSWER</u>

Defendant Fulbright & Jaworski L.L.P. serves and files this its Original Answer to Plaintiff's Original Petition.

### A.   GENERAL DENIAL

Defendant denies each and every allegation in Plaintiff's Original Petition and enters this its general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure. Defendant demands strict proof of all allegations made by Plaintiff, as required by law. Further, Defendant reserves the right to answer in greater particularity reasonably in advance of the trial hereof.

### B.   DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust administrative remedies.

3. On information and belief, Plaintiff has failed to mitigate her damages, if any, as required by law.

4. Plaintiff's claims for compensatory and punitive damages are limit capped damage provisions.

31149541.1

-1-

5. An award of exemplary and/or punitive damages under the facts and circumstances of this case would violate the 14th Amendment to the United States Constitution; art. 1, sections 13 and 19 of the Texas Constitution and the applicable provisions of Texas Civil Practices and Remedies Code.

6. Recovery of pre-judgment interest on any recovery of exemplary damages is limited by Tex. Civ. Prac. & Rem. Code § 41.008.

7. Defendant's actions with respect to Plaintiff were based on legitimate, non-discriminatory reasons, and Defendant would have taken the same actions, even in the absence of any other alleged reasons.

8. Plaintiff's claims are barred by the doctrines of waiver, estoppel, or laches.

9. Plaintiff's claims are barred, in whole or in part, by the Texas Workers' Compensation Act.

WHEREFORE, Defendant requests that the Court enter a take-nothing judgment against Plaintiff, grant Defendant recovery of its court costs and attorneys' fees, and grant Defendant such additional and further relief, at law or equity, to which it is justly entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

_____
Lawrence H. Clore
State Bar No. 04405000
David B. Jordan
State Bar No. 24032603
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Telecopier: 713/651-5246
Counsel for Fulbright & Jaworski L.L.P.

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on counsel for Plaintiff, on June 26, 2006, by certified mail, return receipt requested.

_____
David B. Jordan



STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County, Texas, do hereby certify that the foregoing data is a true and correct copy of the original record, now in my lawful custody and possession as appears of record...

Witness my official hand and seal of office this

DEC 04 2006

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By _____