## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 1 8 2006

Michael N. Milby, Clerk

| | | |
|---|---|---|
| **ELIZABETH A. GILMORE,** | § | |
| | § | |
| *Petitioner* | § | |
| | § | **C. A. NO. 4:06-CV-03849** |
| **V.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **FULBRIGHT & JAWORSKI L.L.P.,** | § | |
| | § | |
| *Respondent* | § | |

---

### PETITIONER ELIZABETH A. GILMORE'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO REMAND ACTION TO TEXAS STATE COURT

---

Petitioner, Elizabeth A. Gilmore, respectfully submits this memorandum of law in support of her motion to remand this lawsuit to the District Court of Harris County, Texas.

Respondent removed the case to the United States District Court for the Southern District of Texas, Houston Division, on December 5, 2006, alleging a federal question under 29 U.S.C. Section 2601 and 28 U.S.C. §§ 1331, 1441, and 1446.

Petitioner thereafter filed a motion to remand this action to the 151st Judicial District Court of Harris County, Texas, because there is no federal question presented by this lawsuit to support federal jurisdiction. This memorandum is offered in support of Petitioner's motion to remand.

## STATEMENT OF THE CASE

### Federal Question Jurisdiction

This action is brought as a result of Respondent's violations of the Texas Commission on Human Rights Act, Texas Labor Code, §§ 21.051, 21.125(a), 21.128(a), and 21.2585(a) —Texas' codification of the Americans with Disabilities Act ("ADA")—and of the Family and Medical Leave Act of 1993 ("FMLA") for wrongful discrimination/discharge.

## ARGUMENT AND AUTHORITIES

Respondent asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1441, and 1446.

This lawsuit was originally filed by Petitioner in the 151st Judicial District Court of Harris County, Texas, on May 19, 2006, seeking back pay; interest on back pay; cost of health insurance; compensatory damages, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses; pre-judgment interest; punitive damages; court costs; reasonable attorney's fees; and reasonable expert fees from Respondent, Fulbright & Jaworski L.L.P., for violation of the ADA.

Petitioner amended her original petition on November 17, 2006, seeking wages, salary, employment benefits, and other compensation denied and lost to Petitioner; interest on wages, salary, employment benefits, and other compensation denied and lost to Petitioner; equitable relief; reasonable attorney's fees and reasonable expert witness fees; and other costs associated with this action from Respondent, Fulbright & Jaworski L.L.P., for violation of the FMLA for wrongful discrimination/discharge.

- 2 -

The Docket Control Order for this case was generated on July 13, 2006, by the 151st Judicial District Court and signed by Judge Caroline E. Baker on July 20, 2006.

Petitioner's deposition was taken on September 21, 2006.

Petitioner filed in state court a Demand for Jury Trial on October 26, 2006 (and paid the requisite jury fee to the Harris County District Court Clerk on October 26, 2006), which was conspicuously not included on Respondent's Index of Matters Being Filed as required by Local Rule 81. A copy of the Demand for Jury Trial and the fee receipt are attached hereto as *Exhibit A*.

A significant amount of discovery has been completed in the state court case. Respondent's Responses to Petitioner's Rule 194 Disclosures were served September 5, 2006; Petitioner's Objections and Answers and Responses to Respondent's First Set of Interrogatories, First Requests for Production and Request for Rule 194 Disclosures were served September 18, 2006; Respondent's Objections and Responses to Petitioner's First Request for Production were served September 18, 2006; and Respondent's Answers and Objections to Petitioner's Interrogatories One through Twenty-Three were served October 5, 2006.

Petitioner filed a Motion to Substitute Counsel in state court on December 4, 2006, together with a Notice of Submission setting the motion for 8:00 a.m. on December 18, 2006, and a proposed Order Granting the Motion to Substitute Counsel which were pending in the 151st Judicial District Court of Harris County, Texas. Respondent conspicuously omitted the substitution motion, submission notice, and proposed order on Respondent's Index of Matters Being Filed, again, in violation of Local Rule 81. Copies of the Motion to Substitute Counsel, the Notice of Submission setting the motion for 8:00 a.m. on December 18, 2006, and the proposed Order Granting the Motion

to Substitute Counsel filed in state court December 4, 2006, one day before Respondent removed this case to federal court, are attached hereto as *Exhibit B*.

Simultaneously with the filing of her Motion to Substitute Counsel on December 4, 2006, Petitioner propounded her Second Requests for Production and First Requests for Admissions on Respondent, and one day later, on December 5, 2006, despite the fact that Petitioner amended her original petition and served it on Respondent on November 17, 2006, Respondent then, and only then, removed this case to the United States District Court for the Southern District of Texas, Houston Division. Respondent had ample opportunity after November 17, 2006, to remove this case to federal court but in an attempt to manipulate discovery chose to remove this case to delay responding to Petitioner's December 4, 2006 discovery requests.

Additionally, United States District Court Judge Gray Miller is a lawyer formerly employed by Respondent, and United States District Court Judge Sim Lake is also a lawyer formerly employed by Respondent. Possibly other lawyers formerly employed by Respondent are sitting federal judges in the Southern District of Texas, Houston Division, thereby creating delay and conflicts of Petitioner's interests. This amounts to nothing more than *forum non conveniens* or forum shopping— picking a jurisdiction merely to gain an advantage in the proceeding. *See* 28 U.S.C. § 1441(e)(6). Each recusal and/or reassignment not only further delays Petitioner's case and denies Petitioner her right to a speedy trial but burdens the already overburdened federal district court system.

Petitioner's allegations in this lawsuit arise solely from Respondent's violations of the ADA and of the FMLA. Respondent removed this case based on Petitioner's November 17, 2006 amendment of her original petition wherein Petitioner pled wrongful discrimination/discharge under

- 4 -

the FMLA.  The FMLA specifically states that the state court action is allowed, appropriate, and expressly authorized:

**Family and Medical Leave Act of 1993:**

SECTION 107.  ENFORCEMENT.

(2)    RIGHT OF ACTION—An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agent) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of—

(A)    the employees; or
(B)    the employees and other employees similarly situated. . . .

Section 107(2) of the FMLA specifically provides that "[a]n action to recover . . . may be maintained against any employer . . . in any [f]ederal or [s]tate court of competent jurisdiction . . . ." (emphasis supplied)  There is, therefore, no reason for this case to be removed to federal court which would undermine the comity and the facilitation of the litigation in this case and essentially defeat Congress' express legislative codification of Section 107(2) of the FMLA.  Section 107(2) makes clear Petitioner's right to maintain her case in state court.  Permitting Petitioner's case to be removed to federal court undermines the very intent of Section 107(2) of the FMLA which could not be more specific.

Contrary to Respondent's assertions under and reliance on 29 U.S.C. Section 2601 and 28 U.S.C. §§ 1331, 1441, and 1446—which general laws were enacted long before the 1993 enactment of the FMLA—Petitioner's interests and claims, for the reasons set forth above, would be better and more expeditiously served in state court.  Respondent, in seeking removal to federal court, has the burden of proving the existence of federal jurisdiction.  *See e.g. BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997).  The language of Section 107(2) of the FMLA specifically

disproves the general language asserted and relied upon by Respondent in removing this case to federal court. Failure to remand this case to state court would undermine the very intent of Section 107(2). The federal courts are already overburdened; thus, Petitioner's interests would be better and more expeditiously served in state court, a court system less overburdened than the federal court system. More importantly, a removal statute should be strictly construed, and any doubt should be resolved against removal. *See e.g. Therrien v. Hamilton*, 881 F.Supp. 76, 78 (D. Mass. 1995). Respondent has failed to meet this burden.

Respectfully submitted,

Joe Sneed,
Attorney-In-Charge for Petitioner
Federal I.D. No. 1072
State Bar No. 18785900
699 FM 2027
Cameron, Texas 76520-5040
(979) 364-2767 (Telephone)

**ATTORNEY FOR ELIZABETH A. GILMORE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of a duplicate of the above and foregoing Memorandum of Law in Support of Motion to Remand Action to Texas State Court of Petitioner Elizabeth A. Gilmore has been served upon all opposing parties, or their attorneys of record, by either certified mail, return receipt requested, hand delivery, or telephonic document transfer, on the 18th day of December, 2006.

Lawrence H. Clore                                    *Via Certified Mail*
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Joe Sneed

- 6 -

# EXHIBIT A

COUNTY AUDITOR'S FORM/9999A
HARRIS COUNTY, TEXAS (REV.10/99)

OFFICIAL RECEIPT          1  NO 165139

# CHARLES BACARISSE DISTRICT CLERK

CASE: C-200631303     TRANS NO: 7679339     COURT: 151

ACTION: JURY FEE
STYLE PLT: GILMORE, ELIZABETH A
       DEF: FULBRIGHT & JAWORSKI L L P

| DESCRIPTION | QTY | AMOUNT | | |
|---|---|---|---|---|
| FEE | | PAYMENT 1 | | |
| .000 JURY FEE (51.604 GOV | 1 | 20.00 | PAYMENT 2 | CASH | 30.00 |
| .02 JURY FEE (RULE 216 T | 1 | 10.00 | | | |

AMOUNT TENDERED:                                    30.00
TOTAL AMOUNT:                                       30.00
AMOUNT APPLIED:                                     30.00

CHANGE:                                               .00

RECEIVED  KAUFMAN, RANDAL ALAN
    OF    PO BOX 1211
          TOMBALL, TX 77377-1211                (111117000)
THIRTY DOLLARS AND 0/100************************************* DOLLARS
PAYMENT DATE: 10/26/2006     FILE DATE: 10/26/2006

ASSESSED BY: THOMPSON, MARY E
VALIDATED 10/26/2006   BY: BRANTLEY, FURSHILLA

CUSTOMER COPY

NO. 2006-31303

| | | |
|---|---|---|
| ELIZABETH A. GILMORE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FULBRIGHT & JAWORSKI L.L.P., | § | |
| | § | |
| *Defendant* | § | 151ST JUDICIAL DISTRICT |

### PLAINTIFF'S DEMAND FOR JURY TRIAL

COMES NOW PLAINTIFF ELIZABETH A. GILMORE and demands a trial by jury.

Respectfully submitted,

Randal A. Kauffman, Attorney

By: _Randal Kauffman_

Randal A. Kauffman
State Bar No. 11111700
P.O. Box 1211
Tomball, Texas 77377-1211
Tel: (281)290-9759
Fax: (281)357-0745
Email: randalkauffman@sbcglobal.net

ATTORNEY FOR PLAINTIFF

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2006 OCT 26 PM 12: 11

BY _____
DEPUTY

1

## CERTIFICATE OF SERVICE

I hereby certify that a duplicate of the above and foregoing Plaintiff's Demand for Jury Trial was served upon all opposing parties, or their attorneys of record, by either certified mail, return receipt requested, hand delivery, or telephonic document transfer, on the 16th day of October, 2006.

Lawrence H. Clore
David B. Jordan
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Randal A. Kauffman

2

# EXHIBIT B

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

FULBRIGHT TOWER
1301 McKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

DJORDAN@FULBRIGHT.COM
DIRECT DIAL: (713) 651-5592

TELEPHONE:    (713) 651-5151
FACSIMILE:    (713) 651-5246

December 5, 2006

Mr. Charles Bacarisse
District Clerk
Harris County Civil Courthouse
201 Caroline Street
Houston, Texas 77002

> Re:    Cause No. 2006-31303
> *Elizabeth A. Gilmore v. Fulbright & Jaworski L.L.P.*
> In the 151st Judicial District Court of Harris County, Texas

Dear Sir:

Enclosed for filing in the above-referenced matter, please find the original and two copies of *Defendant Fulbright & Jaworski L.L.P.'s Notice of Filing of Removal.*

Please file mark the extra copies of this instrument to verify receipt and filing and return same to us for our files.

By copy of this letter, we are forwarding a copy of this instrument to Counsel for Plaintiff as evidenced below.

Thank you for your assistance in this matter.

Very truly yours,

David Jordan

DJ/tf

Enclosures

31234333.1

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO
DUBAI • HONG KONG • LONDON • MUNICH • RIYADH

Mr. Charles Bacarisse
December 5, 2006
Page 2


c:     Mr. Randal A. Kauffman
       Attorney-At-Law
       Post Office Box 1211
       Tomball, Texas  77377-1211
       *Certified Mail No. 7160 3901 9849 4773 3799*
       *Return Receipt Requested*

       Mr. Joe Sneed
       Counselor at Law
       699 FM 2027
       Cameron, Texas  76520-5040
       *Certified Mail No. 7160 3901 9849 4773 3812*
       *Return Receipt Requested*

31234333.1

NO. 2006-31303

| | | |
|---|---|---|
| ELIZABETH A. GILMORE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FULBRIGHT & JAWORSKI L.L.P., | § | |
| | § | |
| *Defendant* | § | 151ST JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO SUBSTITUTE COUNSEL

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW ELIZABETH A. GILMORE, Plaintiff herein ("Plaintiff"), and files this Plaintiff's Motion to Substitute Counsel pursuant to the Texas Rules of Civil Procedure. Plaintiff requests the substitution of Joe Sneed, Attorney at Law; 699 FM 2027; Cameron, Texas 76520-5040, in place of Randal A. Kauffman, Attorney at Law; P. O. Box 1211; Tomball, Texas 77377-1211.

Respectfully submitted,

By: _Randal Kauffman_
Randal A. Kauffman
State Bar No. 11111700
P.O. Box 1211
Tomball, Texas 77377-1211
(281) 290-9759 (Telephone)
(281) 357-0745 (Facsimile)
randalkauffman@sbcglobal.net

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Substitute Counsel was served upon all opposing parties, or their attorneys of record, by either certified mail, return receipt requested, hand delivery, or telephonic document transfer, on the 4th day of November, 2006. DECEMBER,

Lawrence H. Clore                                    *Hand Delivery*
David B. Jordan
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Elizabeth A. Gilmore                                 *Hand Delivery*
7527 Alderly Drive
Spring, Texas  77389

Joe Sneed                                            *U. S. Mail*
Attorney at Law
699 FM 2027
Cameron, Texas 76520-5040


                          _Randal Kauffman_
                          Randal A. Kauffman

NO. 2006-31303

ELIZABETH A. GILMORE,  §  IN THE DISTRICT COURT OF
                       §
    *Plaintiff*        §
                       §
V.                     §  HARRIS COUNTY, TEXAS
                       §
FULBRIGHT & JAWORSKI L.L.P.,  §
                       §
    *Defendant*        §  151ST JUDICIAL DISTRICT

### NOTICE OF SUBMISSION OF
### PLAINTIFF'S MOTION TO SUBSTITUTE COUNSEL

PLEASE TAKE NOTICE THAT Plaintiff's Motion to Substitute Counsel is set for submission on Monday, December 18, 2006, at 8:00 a.m. in the 151st Judicial District Court of Harris County, Texas. Plaintiff has been notified of her right to request an oral hearing and declines same.

Respectfully submitted,

By: _Randal Kauffman_

Randal A. Kauffman
State Bar No. 11111700
P.O. Box 1211
Tomball, Texas 77377-1211
(281) 290-9759 (Telephone)
(281) 357-0745 (Facsimile)
randalkauffman@sbcglobal.net

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a duplicate of the above and foregoing Notice of Submission of Plaintiff's Motion to Substitute Counsel was served upon all opposing parties, or their attorneys of record, by either certified mail, return receipt requested, hand delivery, or telephonic document transfer, on the 4th day of DECEMBER, 2006.

*Hand Delivery*

Lawrence H. Clore
David B. Jordan
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Elizabeth A. Gilmore
7527 Alderly Drive
Spring, Texas 77389
(281) 290-0027 (Home)
(713) 276-7614 (Office)

Joe Sneed
Attorney at Law
699 FM 2027
Cameron, Texas 76520-5040

Randal A. Kauffman

NO. 2006-31303

| | | |
|---|---|---|
| ELIZABETH A. GILMORE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FULBRIGHT & JAWORSKI L.L.P., | § | |
| | § | |
| *Defendant* | § | 151ST JUDICIAL DISTRICT |

## <u>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE COUNSEL</u>

The Court has considered Plaintiff's Motion to Substitute Counsel. Having considered Plaintiff's motion, it is

ORDERED that Joe Sneed, Attorney at Law; 699 FM 2027; Cameron, Texas 76520-5040, be substituted as counsel of record for Plaintiff Elizabeth A. Gilmore in place of Randal A. Kauffman; P. O. Box 1211; Tomball, Texas 77377-1211.

SIGNED this _____ day of _____, 2006.

_____
JUDGE PRESIDING

**APPROVED:**

By: _____
    Joe Sneed
    State Bar No. 18785900
    699 FM 2027
    Cameron, Texas 76520-5040
    (979) 364-2767

    **Attorney for Plaintiff**

By: _____

Randal A. Kauffman
State Bar No. 11111700
P.O. Box 1211
Tomball, Texas 77377-1211
(281) 290-9759 (Telephone)
(281) 357-0745 (Facsimile)
randalkauffman@sbcglobal.net

**Former Attorney for Plaintiff**