IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIZABETH A. GILMORE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. No. 06-3849 |
| § | |
| FULBRIGHT & JAWORSKI, L.L.P., § | |
| § | |
| Defendant. § | |

## DEFENDANT FULBRIGHT & JAWORSKI, L.L.P.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant Fulbright & Jaworski L.L.P., files this its Response to Plaintiff Elizabeth A. Gilmore's Motion to Remand and respectfully shows:

On May 19, 2006, Plaintiff filed her Original Petition, styled *Elizabeth A. Gilmore v. Fulbright & Jaworski L.L.P.*, in the 151st Judicial District Court of Harris County, Texas, and docketed as Case No. 2006-31,303, alleging claims of discrimination arising under the Texas Commission on Human Rights Act, TEX. LABOR CODE § 21.051 *et seq.* On November 17, 2006, Plaintiff filed her First Amended Original Petition, alleging for the first time a claim[1] arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Because the federal courts have original jurisdiction over claims arising under the FMLA, *see* 28 U.S.C. § 1331, Defendant removed this action to this Court on December 5, 2006, pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] Plaintiff does not argue in her Motion to Remand that she alleged a federal claim in her lawsuit prior to November 17, 2006, nor do Plaintiff's pleadings, discovery responses, or other paper suggest such a claim was raised. *See* 28 U.S.C. § 1446(b). Plaintiff suggests, perhaps inadvertently, in her Motion that her lawsuit arises from violations of the Americans with Disabilities Act ("ADA"). Pl.'s Motion to Rem. at 4. It is not apparent from any of Plaintiff's pleadings, discovery responses, or other paper that she has ever alleged an ADA claim during the pendency of this action; instead, she has always alleged her claims arose under the TCHRA. *See generally* Pl.'s Orig. Pet.

1

Dockets.Justia.com

On December 21, 2006, Plaintiff filed her Motion to Remand, alleging, *inter alia*, that this Court lacks removal jurisdiction over her FMLA claim. Without citing a single case, Plaintiff argues because 29 U.S.C. § 2617(a)(2) expressly provides that Plaintiff's FMLA claim may be maintained in state court, this Court is without removal jurisdiction over her FMLA claim. Plaintiff's argument, however, has been foreclosed by the United States Supreme Court.

In *Breuer v. Jim's Concrete of Brevard, Inc.*, the United States Supreme Court considered whether identical language in the Fair Labor Standards Act, 9 U.S.C. § 216(b), precludes removal of an action to federal court. 538 U.S. 691 (2003). Resolving a circuit split, the Supreme Court held in a unanimous opinion that the statutory language—"may be maintained . . . in any Federal or State Court of competent jurisdiction"—does not prohibit removal of an action to federal court. *Id.* at 698-99.

The Supreme Court noted that several federal statutes have express exceptions to removal jurisdiction. *Id.* at 696-97; s*ee, e.g.,* 28 U.S.C. § 1445 (actions against a carrier "may not be removed" to a federal district court); 15 U.S.C. § 77v(a) (no actions arising under the federal Securities Act of 1933 "shall be removed" to any federal district court). With references to those express exceptions, the Court commented that "[w]hen Congress wished to give plaintiffs an absolute choice of forum, it has show itself capable of doing so in unmistakable terms." *Id.* at 697. The Court held that the language in § 216(b)—"may be maintained"—does not demonstrate the requisite unmistakable terms. *Id.* at 697.

Plaintiff also argues in his Motion that the court should strictly construe § 1441 and removal jurisdiction. However, the *Bruer* Court foreclosed this argument as well. The *Bruer* Court cited its opinion in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), which noted that removal legislation should be strictly construed. *Id.* at 697. However, the *Bruer* Court

2

noted that the earlier version of §1441 at issue in the *Shamrock* case did not include the "except as otherwise expressly provided by Act of Congress" language. *Id.* It was not until 1948 that Congress amended § 1441 to include the express exception provisions that exist in the current version of § 1441. *Id.*; *see also* Act of June 25, 1948, Pub. L. No. 80-773, 62 Stat. 937 (codified as amended at 28 U.S.C. § 1441(a)). The *Bruer* Court held that "whatever apparent force [the strict construction] argument might have claimed . . . has been qualified by later statutory development." *Id.* at 697 (referencing the 1948 amendment to § 1441(a)). Thus, according to the *Bruer* Court, since 1948, "whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." *Id.* at 698. Continuing, the *Bruer* Court held that "any congressional insistence on express exception is hardly satisfied by the malleability of the term 'maintain' . . . ." *Id.*

The Court further emphasized that the "may be maintained" language does not convey any particular right to remain in the original forum. *Id.* at 698. The Court noted that such a construction would put the statute at odds with the change of venue provisions in 28 U.S.C. § 1404(a) by prohibiting the transfer of FLSA cases from one district to another. *Id.* at 698-99.

Most importantly, the Court explained that construing the "may be maintained" language as the *Bruer* plaintiff proposed would extend the same exception to other federal statutes with the same language, including the FMLA. *See id.* (citing the FMLA, 29 U.S.C. § 2617(a)(2) ("An action . . . may be maintained . . . in any Federal or State court . . . .")). The Court stated that "Bruer then, cannot have a removal exception for the FLSA without entailing exceptions for other statutory actions, to the point that it becomes just too hard to believe that a right to 'maintain' an action was ever meant to displace the right to remove." *Id.* at 699.

The FMLA, as referenced by the Supreme Court, sets out identical language regarding

the right to bring a civil action:

> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . .

29 U.S.C. § 2617(a)(2).[2] To be sure, the Fifth Circuit, in *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999), explained that "[t]he legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA." *Id.* at 928 (citing S. Rep. No. 103-3, at 35 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 37 ("[The FMLA's] enforcement scheme is modeled on the enforcement scheme of the FLSA.")). Moreover, the Supreme Court's position has since been applied in at least one district court in the Fifth Circuit. *See Conine v. Universal Oil Prod. Co.*, No. 05-2011, 2006 U.S. Dist. LEXIS 14589 (W.D. La. 2006) (denying motion to remand FMLA claim in light of holding in *Bruer*) (attached hereto as Exhibit A). As such, Defendant's removal of Plaintiff's lawsuit to this Court, after the addition of the FMLA claim, is proper.

Plaintiff, in her Motion, offers a flurry of alternative suggestions about the impropriety of Defendant's removal.[3] Plaintiff, at one point, suggests Defendant removed the case to federal court in "an attempt to manipulate discovery" served earlier that week. Notwithstanding the lack of any relevance to her remand argument, what Plaintiff fails to point out is that immediately after the removal, counsel for both parties *agreed* to extend the deadline for responding to all discovery until after the Parties' Rule 26(f) conference, consistent with Fed. R. Civ. P. 26(d). *See*

---

[2] The language in the FLSA, as noted by the United States Supreme Court, is nearly identical:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . .

29 U.S.C. § 216(b).

[3] Plaintiff's Motion makes reference to Plaintiff's right to a speedy trial. However, such a right is guaranteed to *criminal* defendants, not *civil* plaintiffs. *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."); *see also* TEX. CONST. art. I, sec. 10.

Exhibit B, attached hereto.

Plaintiff also suggests Defendant did not comply with Local Rule 81 by attaching a Motion to Substitute Counsel,[4] or her Demand for Jury Trial.[5]  Local Rule 81 provides that only certain documents should be filed with the removal:

> Notice for removal shall have attached *only* the following documents:
>
> 1. All executed process in the case;
> 2. Pleadings *asserting causes of action*, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings;
> 3. All orders signed by the state judge;
> 4. The docket sheet;
> 5. An index of matters being filed; and
> 6. A list of all counsel of record, including addresses, telephone numbers and parties represented.

S. D. Tex. R. 81 (emphasis added).  Neither Plaintiff's Motion to Substitute Counsel nor her Jury Demand fall within the list of required documents.

Finally, Plaintiff suggests, by making an unusual reference to 28 U.S.C. § 1441(e)(6),[6] that Defendant's conduct is impermissible forum-shopping.  Instead, § 1441 expressly permits the defendant to choose a federal forum if a plaintiff chooses to bring a claim that arises under the "Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).

In sum, the Supreme Court unanimously held that the language—"may be maintained"—does not prohibit an otherwise appropriate removal of a federal claim pursuant to 28 U.S.C. § 1441.  Because the relevant language in the FLSA and the FMLA are identical, and because the

---

[4] Defendant has no objection to the Motion to Substitute.  Unfortunately, Plaintiff never conferred with Defendant to discuss any potential opposition.

[5] Defendant does not dispute that Plaintiff's state court demand for a jury, at least with regard to her TCHRA claim, is sufficient to trigger her right to a jury in federal court.

[6] 28 U.S.C. §1441(e)(6) has nothing to do with forum shopping; instead, the section relates to removal of actions which relates to multiparty, multiforum jurisdiction wherein at least 75 natural persons died in an accident, and simply permits federal courts to transfer or dismiss actions because the forum is inconvenient.  *See* 28 U.S.C. §§ 1441.

enforcement provisions of the FMLA are intended to mirror the FLSA, Defendant's timely removal of the FMLA claim after Plaintiff added the claim is proper, and Plaintiff's Motion to Remand should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant Fulbright & Jaworski L.L.P. prays that the Court deny Plaintiff's Motion to Remand, and grant it such other relief to which it is justly entitled.

Respectfully submitted,

/s/ Lawrence H. Clore by /s/ David B. Jordan
    Lawrence H. Clore
    State Bar No. 04405000
    Fed. I.D. No. 5355
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Telecopier: 713/651-5246
Counsel for Fulbright & Jaworski L.L.P.

**OF COUNSEL:**

Fulbright & Jaworski L.L.P.

David B. Jordan
State Bar No. 24032603
Fed. I.D. No. 30416

**CERTIFICATE OF SERVICE**

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 4th day of January, 2007, on counsel for Plaintiff, via United States mail, certified, return receipt requested.

    /s/ David B. Jordan

    David B. Jordan

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH A. GILMORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 06-3849 |
| | § | |
| FULBRIGHT & JAWORSKI, L.L.P., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Came on to be considered Plaintiffs' Motion to Remand and the Court, having considered the evidence, the pleadings on file, the Defendant's response and after oral argument, if any, by counsel for both the Plaintiff and Defendant, is of the opinion that Plaintiff's Motion should be and hereby is DENIED.

It is, therefore, ORDERED that Plaintiff's Motion to Remand is DENIED.

SIGNED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE