LEXSEE

Caution
As of: Dec 28, 2006

### JOHN CLIFTON CONINE, TRUSTEE IN BANKRUPTCY FOR DENNIS RAY ADDIE, ET AL. versus UNIVERSAL OIL PRODUCT COMPANY

CIVIL ACTION NO. 05-2011

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION

2006 U.S. Dist. LEXIS 14589; 11 Wage & Hour Cas. 2d (BNA) 1374

March 14, 2006, Decided

**SUBSEQUENT HISTORY:** Summary judgment granted by, Summary judgment denied by *Conine v. Universal Oil Prods. Co.*, 2006 U.S. Dist. LEXIS 42939 (W.D. La., June 26, 2006)

**COUNSEL:** [*1] For Dennis Ray Addie, Fran Strange, U S Trustee on behalf of Dennis Addie Estate, John Clifton Conine, Trustee in Bankruptcy on behalf of Dennis Ray Addie Estate, Plaintiffs: Nelson Welch Cameron, Shreveport, LA.

For U O P L L C, Defendant: John T Cox, Jr, Blanchard Walker et al, Shreveport, LA.

**JUDGES:** MARK L. HORNSBY, UNITED STATES MAGISTRATE JUDGE. JUDGE HICKS.

**OPINION BY:** MARK L. HORNSBY

**OPINION:**

### MEMORANDUM RULING

#### Introduction

Before the court is a Motion to Remand (Doc. 26) filed by Dennis Addie ("Plaintiff") on the grounds that claims under the Family and Medical Leave Act ("FMLA") are not removable. Plaintiff urges, in the alternative, that the court should remand his supplemental state law claims. For the reasons provided below, the motion will be denied.

#### The First Civil Action

Plaintiff filed suit in state court in 2002 alleging termination of his employment in violation of state and federal anti-discrimination statutes. Defendant UOP removed the case based on federal question jurisdiction, and the case was assigned to Judge Stagg. Through a voluntary dismissal and a court ruling, all federal claims were dismissed. Judge Stagg then declined to continue [*2] to exercise supplemental jurisdiction over the remaining state law claims. Rather than remand the claims, Judge Stagg dismissed them without prejudice. See 02 CV 2297.

#### The Second Civil Action

Soon after Judge Stagg dismissed his state law claims, Plaintiff filed a second state-court suit against UOP based on the state law claims. The petition made clear that, "Plaintiff is not suing under any Federal Laws." Doc. 1, Paragraph 15. Plaintiff also filed a Chapter 7 bankruptcy near the conclusion of the first federal proceeding, so the Chapter 7 Trustee eventually enrolled in the second case as the proper plaintiff.

Two years after the second action was commenced, the Trustee alleged that facts discovered during depositions supported a claim for retaliatory discharge in violation of the FMLA. He filed an amended petition that specifically asserted a claim under the FMLA. See Third Amending and Supplemental Petition at Doc. 11, Paragraph 2. UOP removed the case based on federal question jurisdiction.

#### FMLA Claims are Removable



Case 4:06-cv-03849   Document 9-2   Filed 01/04/2007   Page 2 of 2

Page 2

2006 U.S. Dist. LEXIS 14589, *; 11 Wage & Hour Cas. 2d (BNA) 1374

Plaintiff first argues in his Motion to Remand that FMLA claims are not removable. "*Except as otherwise expressly provided by Act* [*3] *of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *28 U.S.C. § 1441(a)* (emphasis added). The FMLA provides that an action to recover damages or equitable relief "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees...." *29 U.S.C. § 2617(a)(2)*. Plaintiff argues that the word "maintained" indicates Congressional intent to create an exception within the meaning of *Section 1441(a)* so that FMLA claims are not removable.

Plaintiff's argument is foreclosed by the unanimous decision in *Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S. Ct 1882, 155 L. Ed. 2d 923 (2003)* that interpreted identical statutory language found in the Fair Labor Standards Act. The FLSA provides that an action under that law "may be maintained against any employer (including a public agency) in any Federal or State court [*4] of competent jurisdiction by any one or more employees ..." *29 U.S.C. § 216(b)*. The Court held that the concurrent jurisdiction provision was *not* an express Congressional exception that barred removal, and it pointed to the FMLA statute as being among similar federal laws. The Court did not expressly hold that FMLA cases are removable, as that issue was not before the Court, but Breuer's rationale makes clear that the same result is appropriate when interpreting the identical statutory language found in the FMLA. Thus, UOP properly removed the case based on federal question, and the court has supplemental jurisdiction over the related state law claims pursuant to *28 U.S.C. § 1367(a)*.

Paragraph III of Plaintiff's motion states: "Plaintiff further moves under *28 U.S.C. § 1367(c)* that state law claims including the failure to accommodate should be remanded." The supporting memorandum does little to articulate why such a remand is appropriate. Plaintiff merely argues at page 4 of his memorandum that there are multiple claims under state law and only one claim arising under federal law. There is no apparent basis [*5] at this time to consider remand of the state law claims under any of the four subsections of *Section 1367(c)*. There is a motion for summary judgment filed by UOP, pending before Judge Hicks, that could result in the dismissal of Plaintiff's federal claims. If that happens, Judge Hicks could then consider whether to continue exercising supplemental jurisdiction over the state law claims or remand the claims pursuant to *Section 1367(c)(3)*. In the meantime, however, the entire case should remain in federal court.

Plaintiff also cites jurisprudence that has applied the rule of *28 U.S.C. § 1441(c)* that whenever a "separate and independent claim or cause of action" within the court's federal question jurisdiction is joined with one or more otherwise non-removable claims, the entire case may be removed and the district court may then determine all issues or, in its discretion, remand matters in which state law predominates. Plaintiff has not, however, explained how or why the rule should be employed to remand any claims in this case. Separate legal claims arising from the termination of employment are ordinarily not separate and independent within the meaning of the [*6] rather demanding standard. See *Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 105 (5th Cir. 1996)* (district court abused discretion when it remanded intentional infliction of emotional distress claim that, like FMLA claim, was based on termination of employment). Plaintiff has not articulated how any of his state law claims involve substantially different facts and otherwise qualify for possible remand under *Section 1441(c)*.

For the reasons set forth above, Plaintiff's **Motion to Remand (Doc. 26) is denied.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of March, 2006.

MARK L. HORNSBY

UNITED STATES MAGISTRATE JUDGE