IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH A. GILMORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 06-3849 |
| | § | |
| FULBRIGHT & JAWORSKI, L.L.P., | § | |
| | § | |
| Defendant. | § | |

## JOINT PROPOSED CASE MANAGEMENT PLAN

Plaintiff Elizabeth A. Gilmore and Defendant Fulbright & Jaworski, L.L.P. file this their Joint Proposed Case Management Plan.

1. State when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **Joe Sneed, counsel for Elizabeth A. Gilmore, and David B. Jordan, counsel for Fulbright & Jaworski, L.L.P., conferred by telephone on January 24, 2007, and thereafter by electronic mail.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **None.**

3. Briefly describe what the case is about.

    **Plaintiff alleges Defendant terminated her employment in violation of the Texas Commission on Human Rights Act and the Family and Medical Leave Act. Defendant denies Plaintiff's allegations.**

4. Specify the allegation of federal jurisdiction.

    **28 U.S.C. §§ 1331 and 1441.**

5. Name the parties who disagree and the reasons.

    **Plaintiff disagrees with federal jurisdiction for the reasons set forth in her Motion to Remand.**

31256166.1

Dockets.Justia.com

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None.**

7. List anticipated interventions.

   **None.**

8. Describe class action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Both parties will make initial disclosures on or before February 28, 2007.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all matters raised in Rule 26(f).

    **See below. With regard to Rule 2(f)(3), Plaintiff may seek electronically stored information in response to certain written discovery requests served on Defendant. Plaintiff agrees to identify said requests and to discuss reasonable time frames and search methods to recover any such material that may exist. To the extent the parties cannot agree as to whether such electronically stored information is both relevant and reasonably accessible, the parties will seek guidance from the Court as to whether there should be a search for such material and the limitations and cost shifting involved.**

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    **To Defendant on or before April 1, 2007.**

    C. When and to whom the defendant anticipates it may send interrogatories.

    **To Plaintiff on or before April 1, 2007.**

    D. Of whom and by and when the plaintiff anticipates taking oral depositions.

    **Of Defendant's agents and other fact and/or expert witnesses whose identity and extent of knowledge of relevant facts is known/becomes known through discovery. Plaintiff anticipates completion of these depositions by the discovery cut-off date.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

**Of Plaintiff, with regard to her new cause of action, Plaintiff's spouse, any expert witnesses Plaintiff may designate, and other fact witnesses whose identity and extent of knowledge of relevant facts is known or becomes known through discovery. Defendant anticipates completion of these depositions by the discovery cut-off date.**

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff will designate experts and provide reports, if such is necessary, on or before June 1, 2007. Defendant will designate experts and provide reports, if such is necessary, on or before July 1, 2007.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking the deposition of Defendant's expert, if such is designated, on or before the discovery deadline.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendant anticipates taking the deposition of Plaintiff's expert, if such is designated, on or before the discovery deadline.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties agree.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **The parties have exchanged some written discovery, and Defendant has taken Plaintiff's deposition with regard to her Texas Commission on Human Rights claim.**

13. State the date the planned discovery can reasonably be completed.

    **September 30, 2007.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties have conferred regarding settlement and believe that mediation may be a viable option following the completion of initial discovery.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties have conferred regarding settlement and believe that mediation may be a viable option following the completion of initial discovery.**

16. From the attorneys' discussions with their clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **Mediation may be a viable option following the completion of initial discovery.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties do not jointly consent to a magistrate.**

18. State whether a jury demand has been made and if it was made on time.

    **A jury demand has been made.**

19. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate it will require 15 hours to properly try this matter.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Plaintiff's Motion to Remand and Plaintiff's Motion to Substitute Counsel.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Randal A. Kauffman**
    **State Bar No. 11111700**

**Post Office Box 1211**
**Tomball, Texas  77377-1211**
**Phone: 281-290-9759**
**Fax: 281-357-0745**

**Joe Sneed**
**State Bar No. 18785900**
**Fed. No. 1072**
**699 FM 2027**
**Cameron, Texas 76520-5040**
**Phone: 979-364-2767**

**Counsel for Plaintiff Elizabeth A. Gilmore**

**Lawrence H. Clore**
**State Bar No. 04405000**
**Fed. No. 5355**
**David B. Jordan**
**State Bar No. 24032603**
**Fed. No. 30416**
**1301 McKinney, Suite 5100**
**Houston, Texas 77010-3095**
**Telephone:  713/651-5151**
**Telecopier:  713/651-5246**

**Counsel for Fulbright & Jaworski L.L.P.**

        Respectfully submitted,

        <u>/s/ Lawrence H. Clore by /s/ David B. Jordan</u>
          Lawrence H. Clore
          State Bar No. 04405000
          Fed. I.D. No. 5355
        1301 McKinney, Suite 5100
        Houston, Texas 77010-3095
        Telephone:  713/651-5151
        Telecopier:  713/651-5246

        Counsel for Fulbright & Jaworski L.L.P.

**OF COUNSEL:**
Fulbright & Jaworski L.L.P.
David B. Jordan
State Bar No. 24032603
Fed. I.D. No. 30416

/s/ Joe Sneed by /s/ David B. Jordan
    Joe Sneed
    State Bar No. 18785900
699 FM 2027
Cameron, Texas 76520-5040
Phone: 979-364-2767

    Randal A. Kauffman
    State Bar No. 11111700
Post Office Box 1211
Tomball, Texas  77377-1211
Phone: 281-290-9759
Fax: 281-357-0745

Counsel for Plaintiff Elizabeth A. Gilmore