IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIZABETH A. GILMORE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. No. 06-3849 |
| § | |
| FULBRIGHT & JAWORSKI, L.L.P., § | |
| § | |
| Defendant. § | |

### STIPULATED PROTECTIVE ORDER

Came on for consideration the Stipulated Protective Order ("Order") between Plaintiff Elizabeth A. Gilmore and Defendant Fulbright & Jaworski L.L.P. (collectively, the "Parties"). The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the Parties' legitimate business interests and privacy rights, as well as the privacy rights of Defendant's current and former employees, and the Court is therefore of the opinion that the following Order should be entered:

NOW, THEREFORE, IT IS HEREBY ORDERED that all Confidential Matter shall be treated as follows:

1.   As used in this Order, "Confidential Matter" shall mean any and all information, documents, or other things furnished in the course of this litigation and designated as Confidential pursuant to paragraph 3 of this Order. In designating information, documents, or other items as "confidential," a Party will make such designation only as to that information which it believes in good faith contains confidential, proprietary, trade secret, highly sensitive or private information.

2.     As used in this Order, "document" shall mean and include any "writing" or "recording," including, but not limited to, reproductions of original writings, interrogatory answers, responses to requests for admissions, responses to requests for production of documents, and deposition and court testimony.

3.     Documents, information or other things which a Party, in good faith, believes contains confidential, proprietary, trade secrets, highly sensitive or private information may be stamped or otherwise identified as "Confidential" and shall be deemed Confidential Matter and subject to the provisions of this Order.  If a Confidential Matter is inquired about during a deposition, the attorney for the Party who asserts that such information is a Confidential Matter shall have twenty days after the attorney's receipt of the deposition transcript to notify opposing counsel in writing of the portions of said deposition transcript that shall be designated "Confidential." Until the twenty-day period has expired, the entirety of the transcript shall be treated as Confidential Matter.  If twenty days expire, and no written designation of Confidential Matter is made, the transcript shall no longer be subject to this Order.

4.     All Confidential Matter produced in discovery by any opposing Party, including any notes or records regarding the contents of such information, may be disclosed only to the following persons:

    (a)     The Court, judicial officials, and court personnel pursuant to paragraph 10 of this Order;

    (b)     Counsel for the respective Parties to this litigation;

    (c)     Employees for those attorneys assigned to assist in the preparation of this litigation;

    (d)     Independent experts, consultants, accountants, translators, and others who are not employees of any Party to this action who have been retained specifically to perform work for attorneys in connection with the prosecution or defense of this litigation;

   (e) Persons whose names appear on those documents as authors or recipients thereof or witnesses who may be asked to testify regarding matters related to such documents;

   (f) The respective Parties to this litigation; and

   (g) Any other person designated by the Court after appropriate motion and hearing.

  5. Under no circumstances other than those specifically provided for in this Order or a subsequent Court Order shall any Party receiving material designated as Confidential Matter voluntarily disclose it to any persons other than the persons identified in paragraph 4 above.

  6. Nothing in this Order shall be interpreted as limiting a Party's obligation to produce documents, materials, or information in discovery, nor shall this Order be interpreted as limiting a Party's right to refer to or to use Confidential Matter at any deposition, hearing, or in any oral or written submission to the Court subject to the provisions in paragraphs 3, 9 and 10.

  7. This Order is intended to permit, without dispute, the production of information, and is without prejudice to the rights of any person or Party to apply to the Court for any further Order or protection that it deems necessary or to object on any appropriate grounds to any discovery requests.

  8. Any Party contesting the designation of documents or information as Confidential Matter may apply to the Court for an Order specifically removing the Confidential Matter from the protection of this Order after conferring with opposing counsel about any disagreement.  The Party seeking to maintain the matter as "Confidential" shall have the burden of proof.

  9. The Confidential Matter and the information contained therein or derived therefrom may be disclosed and discussed with the persons identified in paragraph 4(d) only on the condition that prior to disclosing the Confidential Matter to any such person counsel shall:

   (a) Apprise that person of the confidential nature of the documents;

(b)     Apprise that person that this Court, pursuant to this Order, has enjoined the use of such documents or their contents by such person for any purpose other than this litigation, and has enjoined the disclosure of such documents or their contents to any person not identified or described in Paragraph 4(a)-4(g) above; and

(c)     Give that person a copy of this Order to read and obtain that person's promise or commitment to comply with its terms.

10.     In the event counsel for any of the Parties determines to file with or submit to this Court any Confidential Matter, or information contained therein or derived therefrom, by way of pleadings, motions, briefs, or any other papers containing or attaching such materials or information, such documents shall be filed only in a sealed envelope on which the following will be stamped: (a) the style and cause number of this case; and (b) a statement substantially in the following form:

## **CONFIDENTIAL**

THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION GOVERNING THE USE OF CONFIDENTIAL MATTER.

In the event that any Confidential Information is included in or attached to any pleading, motion, or paper filed with the Court by way of Electronic Court Filing, all Confidential Information included in such filing shall be filed under seal or redacted in accordance with the Local Rules of the United States District Court for the Southern District of Texas. All such Confidential Matter so filed shall be released only upon further order of the Court.

11.     The provisions of this Order, insofar as they restrict the disclosure and use of Confidential Matter, shall have a continuing effect after the conclusion of this action. If any Party has cause to believe that a violation of this Order has occurred or is about to occur, the Party may petition this Court or any other proper court for appropriate relief.

12.     Nothing contained in this Order shall preclude any Party from using its own documents or information in any manner it sees fit, or from revealing its own documents to

whomsoever it chooses, without the prior consent of any other Party or the Court, subject to the provisions of paragraphs 4, 5, 9, 11, and 14.

13. The Parties understand and agree that this Order shall not in any way constitute a waiver of the rights of any Party to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the production, use, relevance, or admissibility at trial of any evidence, whether or not constituting Confidential Matter furnished pursuant to this Order.

14. At the conclusion of this litigation, all Confidential Matter and copies thereof in the possession, custody, or control of any Party or its attorney shall be either returned to the Party producing the same or be destroyed; and all notes, memoranda, summaries, or other documents in the possession, custody, or control of any Party that refers to or describes the Confidential Matter shall be destroyed. Within 30 days after the conclusion of this litigation, counsel for the respective Parties shall provide written confirmation to opposing counsel that the requirements of this paragraph have been met. Notes, memoranda, depositions, briefs, and other summaries prepared by counsel are excluded from the provisions of this paragraph, but only so long as they are maintained in the possession, custody, or control of that counsel and are withheld from all other persons following the conclusion of this case.

15. This Order may be modified in writing in the event that the Parties agree to such modification order, or as such modification is ordered by the Court.

Signed _____ day of_____, 2007.

_____
Honorable Melinda Harmon
United States District Court

**AGREED:**

FULBRIGHT & JAWORSKI L.L.P.

/s/ Lawrence H. Clore by /s/ Kelley Edwards
Lawrence H. Clore, State Bar No. 04405000, Fed. I.D. No. 5355
David B. Jordan, State Bar No. 24032603, Fed. I.D. No. 30416
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  713/651-5151
Telecopier:  713/651-5246

COUNSEL FOR FULBRIGHT & JAWORSKI L.L.P.

/s/ Joe Sneed by /s/ Kelley Edwards
Joe Sneed, State Bar No. 18785900, Fed. I.D. No. 1072
Attorney at Law
699 FM 2027
Cameron, Texas 76520-5040
Telephone:  979/364-2767

COUNSEL FOR ELIZABETH A. GILMORE