UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIZABETH GILMORE, | } |
| | } |
| Plaintiff, | } |
| | } |
| VS. | }     CIVIL ACTION NO. H-06-3849 |
| | } |
| FULBRIGHT & JAWORSKI, LLP, | } |
| | } |
| Defendant. | } |

## **ORDER**

Pending before the court are Plaintiff Elizabeth A. Gilmore's ("Gilmore's") motion to remand (Doc. 5) and her memorandum of law in support thereof (Doc. 6). Defendant Fulbright & Jaworski, L.L.P. ("Fulbright") filed a response (Doc. 9). For the reasons stated below, the court ORDERS that Gilmore's motion is DENIED.

On May 19, 2006, Gilmore filed suit in state court alleging claims of disability discrimination under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code § 21.051 *et seq*. On November 17, 2006, Plaintiff alleged for the first time a claim under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*., for wrongful discrimination and/or discharge. Defendant timely removed the case based on the court's original jurisdiction over Gilmore's FMLA claim under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

FMLA provides that an action to recover damages or equitable relief "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . ." 28 U.S.C. § 2617(a)(2). Gilmore argues that the court lacks removal

jurisdiction because the statutory language expressly permits the maintenance of a FMLA claim in state court.  Plaintiff's argument, however, is undermined by *Breuer v. Jim's Concrete of Brevard, Inc* ., in which the Supreme Court unanimously held that identical language ("may be maintained . . . in any Federal or State Court of competent jurisdiction . . .") in the Fair Labor Standards Act, 9 U.S.C. § 216(b), does not preclude removal of an action to federal court.  538 U.S. 691 (2003).  The court finds the holding in *Breuer* equally applicable to Plaintiff's FMLA claim in this case.  Accordingly, it is hereby

        **ORDERED** that Plaintiff's motion to remand (Doc. 5) is **DENIED**.

Signed at Houston, Texas, this 15th day of May, 2007.

_____
Melinda Harmon
United States District Judge